UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| JAMES TULLMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMUNE DESIGN CORP., ED PENHOET, DAVID BALTIMORE, FRANKLIN M. BERGER, LEWIS COLEMAN, SUSAN L. KELLEY, CARLOS PAYA, and WILLIAM R. RINGO,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff James Tullman ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Class Action Complaint:

## NATURE AND SUMMARY OF THE ACTION

1. This is a stockholder class action brought by Plaintiff on behalf of himself and all other public stockholders of Immune Design Corp. ("Immune Design" or the "Company")

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 1
(No. 2:18-cv-01173-RSL)

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

against Immune Design and the members of Immune Design's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e) and 78t(a), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Immune Design will be acquired by Merck & Co., Inc. through its subsidiary, Merck Sharp & Dohme Corp. ("Parent," together with Merck & Co., Inc., "Merck") and Parent's wholly owned subsidiary Cascade Merger Sub Inc. ("Purchaser") (the "Proposed Transaction").

2. On February 21, 2019, defendants issued a joint press release announcing they had entered into an Agreement and Plan of Merger (the "Merger Agreement") dated February 20, 2019. Pursuant to the terms of the Merger Agreement, on March 5, 2019, Purchaser commenced the Tender Offer to purchase all outstanding shares of Immune Design for $5.85 per share of Immune Design common stock (the "Offer Price"). The Tender Offer is scheduled to expire at one minute following 11:59 p.m., Eastern Time, on April 1, 2019. The Proposed Transaction is valued at approximately $300 million.

3. On March 5, 2019, defendants filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the U.S. Securities and Exchange Commission ("SEC"). The Recommendation Statement, which recommends that Immune Design stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Immune Design management's financial projections utilized by the Company's financial advisor Lazard Frères & Co. LLC ("Lazard") in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Lazard; and (iii) potential

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 2
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

conflicts of interest faced by Company insiders. The failure to disclose such material information constitutes a violation of Sections 14(e) and 20(a) of the Exchange Act as Immune Design stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

4. In short, the Proposed Transaction will unlawfully divest Immune Design's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, most of the documents are electronically stored, and the evidence exists. Moreover, Immune Design's principal executive offices are located in this District and each of the Individual

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 3
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

### THE PARTIES

8.  Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Immune Design.

9.  Defendant Immune Design is a Delaware corporation with its principal executive offices located at 1616 Eastlake Ave. E., Suite 310, Seattle, WA 98102.  Immune Design is a late-stage immunotherapy company employing next-generation *in vivo* approaches to enable the body's immune system to fight disease.  The Company's common stock is traded on the Nasdaq Global Market under the ticker symbol "IMDZ."

10.  Defendant Ed Penhoet ("Penhoet") has been a director of the Company since June 2008 and Chairman of the Board since January 2013.

11.  Defendant David Baltimore ("Baltimore") has been a director of the Company since June 2008.

12.  Defendant Franklin M. Berger ("Berger") has been a director of the Company since March 2014.

13.  Defendant Lewis Coleman ("Coleman") has been a director of the Company since March 2015.

14.  Defendant Susan L. Kelley ("Kelley") has been a director of the Company since June 2016.

15.  Defendant Carlos Paya ("Paya") has been President, Chief Executive Officer ("CEO") and a director of the Company since May 2011.

16. Defendant William R. Ringo ("Ringo") has been a director of the Company since February 2014.

17. Defendants Penhoet, Baltimore, Berger, Coleman, Kelley, Paya, and Ringo are collectively referred to as the "Individual Defendants" or the "Board."

## OTHER RELEVANT ENTITIES

18. Parent is a New Jersey corporation with its principal executive offices located at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey 08889. Parent is a leading global biopharmaceutical company known as MSD outside of the United States and Canada. Parent's common stock is traded on the New York Stock Exchange under the ticker symbol "MRK."

19. Purchaser is a Delaware corporation and a wholly owned subsidiary of Parent.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Immune Design common stock (the "Class"). Excluded from the Class are defendants, their affiliates, immediate families, legal representatives, heirs, successors, or assigns, and any entity in which defendants have or had a controlling interest.

21. Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

22. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 5
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Class. As of March 1, 2019, there were 48,363,046 shares of Company common stock issued and outstanding held by individuals and entities who are geographically dispersed. All members of the Class may be identified from records maintained by Immune Design or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to those customarily used in securities class actions.

23. Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, inter alia:

(a) Whether defendants have violated Section 14(e) of the Exchange Act;

(b) Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

(c) Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

24. Plaintiff will fairly and adequately protect the interests of the Class and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in litigation of this nature.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 6
(No. 2:18-cv-01173-RSL)

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# SUBSTANTIVE ALLEGATIONS

**Background of the Company and Proposed Transaction**

27.     Immune Design is a late-stage immunotherapy company employing next-generation *in vivo* approaches to enable the body's immune system to fight disease. The Company is focused in oncology and has designed its technologies to activate the immune system's natural ability to generate and/or expand tumor-specific cytotoxic T cells ("CTLs"), while also enhancing other immune effectors, to fight cancer. G100, the Company's lead product candidate, is designed to leverage the range of endogenous antigens, including neoantigens, found in the tumor microenvironment to create a systemic anti-tumor immune response from local injection.

28.     Until recently, Immune Design had a second lead product candidate, CMB305, a prime-boost cancer vaccine targeting the NY-ESO-1 tumor antigen. Following a review of the CMB305 program, on October 11, 2018, the Company announced it would focus on accelerating and expanding the development of G100. Immune Design's first goal is to develop G100 in combination with pembrolizumab in follicular lymphoma patients who have received three prior lines of systemic therapy, as these patients may represent an unmet medical need, allowing for an accelerated approval path in this indication. The Company's second goal is to evaluate G100 beyond late-stage follicular lymphoma.

29.     Indeed, on December 2, 2018, Immune Design announced long-term follow up results from a randomized Phase 2 clinical trial of G100. The data from the trial show increased overall response rates of 46% and 23% in patients receiving a G100 regimen that includes low-dose radiation, with or without pembrolizumab, respectively. Disease control was shown in

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 7
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

92% and 85% of patients treated with the G100 regimen with or without pembrolizumab, respectively. Additionally, responses appeared to be durable, with overall progression free survival at 11.1 or 7.4 months in patients treated with the G100 regimen with or without pembrolizumab, respectively. Defendant Paya commented on the favorable results, stating:

> We are encouraged by the potential for lymphoma patients with G100, a first in class immuno-modulatory agent that leads to systemic anti-lymphoma benefit when injected intratumorally. The high response rates, favorable durability and excellent safety profile we're seeing for G100 has prompted us to embark on a potentially pivotal clinical trial in the relapsed refractory setting, as well as pursue additional trials in earlier lines of therapy in follicular lymphoma and other malignancies.

30. The Company has four additional immunotherapies that are currently in the pipeline in the preclinical phase, phase 1 or phase 2, which aim to treat infectious and allergic diseases. Immune Design has several collaboration agreements with third party companies, including Merck.

**Sale Process**

31. On October 21, 2018, a senior executive of Parent indicated to defendant Paya that Parent had an interest in acquiring Immune Design. Defendant Paya informed the representative that the Company was not for sale.

32. On November 10, 2018, defendant Paya received a call from a senior member of the Business Development team at Parent, who offered to acquire the Company for $200.0 million in cash with the possibility of two additional contingent value rights payments ("CVRs") of $85 million each based on the achievement of certain regulatory approvals for products containing GLA or the ZVex vector, which valuation was based on Parent's perceived value of the Company's research programs.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 8
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

33.     On November 19, 2018, Parent submitted a revised indication of interest to acquire the Company for $225.0 million in cash at closing with no CVRs.

34.     Also on November 19, 2018, Lazard contacted four strategic parties regarding a possible transaction with Immune Design.

35.     On November 26, 2018, Parent submitted a non-binding letter of intent to acquire the Company at an estimated price-per-share of $5.85 (the "November 26 Offer").

36.     On November 30, 2018, Lazard informed Parent that it would not agree to the price proposed in the November 26 Offer.

37.     At a December 12, 2018 Board meeting, representatives of management presented the proposed long-range financial projections for the Company. Lazard revised certain financial aspects of the November 26 Offer and noted that none of the four potential counterparties contacted by Lazard had shown interest in engaging in further discussions regarding a possible strategic transaction. Following discussion and a review of the landscape in follicular lymphoma as informed by new data made available at the recent 2018 American Society of Hematology Meeting, the Board directed management to revise the proposed long-range financial projections to reflect a lower probability of success for the G100 program.

38.     On December 20, 2018, the Board met and reviewed the revised long-range financial projections prepared by Company management to reflect a lower probability of success of the G100 program.

39.     On January 8, 2019, Parent informed Lazard that it was not willing to entertain any increase of the price in the November 26 Offer and that Parent would terminate discussions if the Company tried to seek a higher price.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 9
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

40. On January 17, 2019, Parent and the Company agreed to a price-per-share of $5.85. Over the next few weeks, the parties and their advisors negotiated the terms of the Proposed Transaction and Merger Agreement.

41. At a February 20, 2019 Board meeting, Lazard rendered its fairness opinion and the Board approved the Merger Agreement.

**The Proposed Transaction**

42. On February 21, 2019, Immune Design and Parent issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> KENILWORTH, N.J. & SEATTLE & SOUTH SAN FRANCISCO, Calif.--(BUSINESS WIRE)--Merck (NYSE:MRK), known as MSD outside the United States and Canada, and Immune Design (NASDAQ:IMDZ), today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, will acquire Immune Design for $5.85 per share in cash for an approximate value of $300 million.
>
> "Scientists at Immune Design have established a unique portfolio of approaches to cancer immunization and adjuvant systems designed to enhance the ability of a vaccine to protect against infection, which could meaningfully improve vaccine development," said Dr. Roger M. Perlmutter, president, Merck Research Laboratories. "This acquisition builds upon Merck's industry-leading programs that harness the power of the immune system to prevent and treat disease."
>
> Immune Design is a late-stage immunotherapy company employing next-generation *in vivo* approaches to enable the body's immune system to fight disease. The company's proprietary technologies, GLAAS® and ZVex®, are engineered to activate the immune system's natural ability to generate and/or expand antigen-specific cytotoxic immune cells to fight cancer and other chronic diseases.
>
> "Merck has a rich history of discovery and innovation and a strong track record of developing meaningful therapeutics and vaccines," said Dr. Carlos Paya, president and chief executive officer, Immune Design. "We believe this agreement creates shareholder value by positioning our technologies and capabilities for long-term success with a leading, research-driven biopharmaceutical company."

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 10
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Under the terms of the acquisition agreement announced today, Merck, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Immune Design. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Immune Design's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. Upon the successful completion of the tender offer, Merck will acquire all shares not acquired in the tender through a second-step merger. The transaction is expected to close early in the second quarter of 2019.

**Insiders' Interests in the Proposed Transaction**

43. Immune Design insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Immune Design.

44. Immune Design insiders stand to reap substantial financial benefits for securing the deal with Merck. Pursuant to the Merger Agreement, upon consummation of the Proposed Transaction, all outstanding Company stock options and RSU awards will vest and convert into the right to receive cash payments. The following table sets forth the number and value of stock options and RSU awards held by the Company's directors and executive officers:

| Name | Vested In-the-Money Options | | | Unvested In-the-Money Options | | | | Restricted Stock Units | |
|---|---|---|---|---|---|---|---|---|---|
| | Number of Shares Underlying Vested In-the-Money Options | Weighted Average Exercise Price Per Share | Cash Spread Value of Vested In-the-Money Options | Number of Shares Underlying Unvested In-the-Money Options | Weighted Average Exercise Price Per Share | Cash Spread Value of Unvested In-the-Money Options | Total Option Cash Spread Value | Number of Shares Underlying Restricted Stock Units | Total Cash Value of Restricted Stock Units |
| Carlos Paya | 818,490 | $ 2.35 | $ 2,864,715.00 | 697,394 | $ 3.17 | $ 1,869,015.92 | $ 4,733,730.92 | 120,997 | $ 707,832.45 |
| Stephen Brady | 203,224 | $ 2.52 | $ 676,735.92 | 317,959 | $ 3.16 | $ 855,309.71 | $ 1,532,045.63 | 79,535 | $ 465,279.75 |
| Jan ter Meulen | 180,473 | $ 2.86 | $ 539,614.27 | 245,152 | $ 2.96 | $ 708,489.28 | $ 1,248,103.55 | 69,361 | $ 405,761.85 |
| Sergey Yurasov | 69,930 | $ 4.23 | $ 113,286.60 | 263,405 | $ 3.01 | $ 748,070.20 | $ 861,356.80 | 72,619 | $ 424,821.15 |
| Ed Penhoet | 29,839 | $ 3.90 | $ 58,186.05 | 12,500 | $ 1.31 | $ 56,750.00 | $ 114,936.05 | - | $ - |
| David Baltimore | 29,839 | $ 3.90 | $ 58,186.05 | 12,500 | $ 1.31 | $ 56,750.00 | $ 114,936.05 | - | $ - |
| Franklin Berger | 22,500 | $ 4.74 | $ 24,975.00 | 12,500 | $ 1.31 | $ 56,750.00 | $ 81,725.00 | - | $ - |
| Lewis Coleman | 22,500 | $ 4.74 | $ 24,975.00 | 12,500 | $ 1.31 | $ 56,750.00 | $ 81,725.00 | - | $ - |
| Susan Kelley | 22,500 | $ 4.74 | $ 24,975.00 | 12,500 | $ 1.31 | $ 56,750.00 | $ 81,725.00 | - | $ - |
| William Ringo | 22,500 | $ 4.74 | $ 24,975.00 | 12,500 | $ 1.31 | $ 56,750.00 | $ 81,725.00 | - | $ - |
| All of our current directors and executive officers as a group (10 persons) | 1,421,795 | $ 2.75 | $ 4,410,623.89 | 1,598,910 | $ 3.02 | $ 4,521,385.11 | $ 8,932,009.00 | 342,512 | $ 2,003,695.20 |

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 11
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

45. Further, if they are terminated in connection with the Proposed Transaction, Immune Design's named executive officers will receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name (1) | Cash ($) (2) | Equity ($) (3) | Bonus ($) (4) | Perquisites/ Benefits ($) (5) | Total ($) |
|---|---|---|---|---|---|
| Carlos Paya, M.D., Ph.D. | $ 1,396,411 | $ 2,576,848 | $ — | $ 60,038 | $ 4,033,298 |
| Stephen Brady | $ 594,104 | $ 1,320,589 | $ 200,000 | $ 30,820 | $ 2,145,513 |
| Jan ter Meulen, M.D. | $ 556,617 | $ 1,114,251 | $ 200,000 | $ — | $ 1,870,868 |
| Sergey Yurasov, M.D., Ph.D. | $ 594,104 | $ 1,172,891 | $ — | $ 47,609 | $ 1,814,604 |

**The Recommendation Statement Contains Numerous Material Misstatements or Omissions**

46. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Immune Design's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

47. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Immune Design management's financial projections utilized by Lazard in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Lazard; and (iii) potential conflicts of interest faced by Company insiders. Accordingly, Immune Design stockholders are being asked to make a tender or appraisal decision in connection with the Proposed Transaction without all material information at their disposal.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 12
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Material Omissions Concerning Immune Design's Financial Projections*

48. The Recommendation Statement is materially deficient because it fails to disclose material information relating to the Company's intrinsic value and prospects going forward.

49. In connection with Lazard's *Probability-Adjusted Product Run-off / Sum-of-the-Parts DCF Analysis* ("*Sum-of-the-Parts DCF*"), the Recommendation Statement sets forth:

> Using the Projections, Lazard performed an illustrative sum-of-the-parts DCF analysis to derive a range of illustrative present values per Share. In connection with this analysis, Lazard performed separate DCF analyses with respect to the following products and collaborations of the Company:
>
> - G100 in 4L Follicular Lymphoma ("4L FL");
> - G100 in 2L Follicular Lymphoma ("2L FL");
> - G100 in 2L Cutaneous T-Cell Lymphoma ("CTCL");
> - G100 in 2L Marginal Zone Lymphoma ("MZL");
> - HSV collaboration with Sanofi;
> - A potential RSV collaboration; and
> - A potential HPV collaboration with Merck & Co.
>
> * * *
>
> Using a mid-year convention and discount rates ranging from 12.0% to 15.0%, reflecting estimates of the Company's weighted average cost of capital and selected by Lazard based on its professional judgment, Lazard discounted to present value as of March 31, 2019, the assumed closing date of the Transactions, risk-adjusted estimates of the free cash flows to be generated from each product and collaboration described above for the period from March 31, 2019 to December 31, 2038 (e.g., after loss of exclusivity for G100 in 2034) with a terminal value based on a negative terminal growth rate of (50%) – (20%), all as reflected in the Projections, to derive a range of illustrative enterprise values for each product.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 13
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Recommendation Statement at 29-30. The Recommendation Statement, however, fails to disclose: (i) the risk-adjusted free cash flows to be generated from each product and collaboration described above for the period from March 31, 2019 to December 31, 2038; and (ii) the source of the probabilities, assumed and applied by Company management, of achieving technical and regulatory success of G100 in 4L follicular lymphoma and G100 in 2L follicular lymphoma.

50. The Recommendation Statement further fails to disclose the probability of success for the G100 program reflected in the long-range financial projections at the time of the December 12, 2018 Board meeting, as well as the specific data made available at the recent 2018 American Society of Hematology Meeting, relied upon by the Board at the December 12, 2018 Board meeting to direct management to revise the long-range financial projections to reflect a lower probability of success for the G100 program. *Id.* at 18.

51. Additionally, the Recommendation Statement fails to disclose, for each of the Company's Case 1 and Case 2 projections, the projected tax savings from the Company's net operating losses ("NOLs") over the projection period.

52. The omission of this information renders the statements in the "Certain Financial Projections," "Opinion of Lazard Frères & Co. LLC" and "Background of Offer and Merger" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Lazard's Financial Analyses*

53. The Recommendation Statement describes Lazard's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 14
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Lazard's fairness opinion and analyses fails to include key inputs and assumptions underlying the analyses. Without this information, as described below, Immune Design's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Lazard's fairness opinion in determining whether to tender their shares in favor of the Proposed Transaction or seek appraisal. This omitted information, if disclosed, would significantly alter the total mix of information available to Immune Design's stockholders.

54. With respect to Lazard's *Sum-of-the-Parts DCF*, the Recommendation Statement fails to disclose: (i) the risk-adjusted estimates of the free cash flows to be generated from each product and collaboration for the period from March 31, 2019 to December 31, 2038; (ii) quantification of the inputs and the assumptions underlying the discount rates ranging from 12.0% to 15.0%; and (iii) whether the value of the tax savings from the Company's NOLs were included and utilized in the analysis to derive a range of illustrative present values per share of the Company.

55. With respect to Lazard's *Probability-Adjusted Going Concern DCF Analysis*, the Recommendation Statement fails to disclose: (i) quantification of the inputs and the assumptions underlying the discount rates ranging from 12.0% to 15.0%; (ii) Lazard's basis for applying terminal growth rates ranging from 1.0% to 3.0%; and (iii) whether the value of the tax savings from the Company's NOLs were included and utilized in the analysis to derive a range of illustrative present values per share of the Company.

56. With respect to Lazard's *Comparable Companies – Peak Sales Multiples Analysis* and *Precedent Transactions Analysis*, the Recommendation Statement fails to disclose

the individual multiples and financial metrics for the companies and transactions observed by Lazard in its respective analyses.

57.     When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

58.     The omission of this information renders the statements in the "Opinion of Lazard Frères & Co. LLC" and "Certain Financial Projections" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Company Insiders' Potential Conflicts of Interest*

59.     The Recommendation Statement also fails to disclose material information concerning the potential conflicts of interest faced by Immune Design insiders.

60.     For example, the Recommendation Statement sets forth:

> To our knowledge, except for certain agreements described in this Schedule 14D-9 (or in the documents incorporated by reference herein) between Immune Design and its executive officers and directors, no employment, equity contribution or other agreement, arrangement or understanding between any executive officer or director of Immune Design, on the one hand, and Parent, Purchaser, any of their affiliates or Immune Design, on the other hand, existed as of the date of this Schedule 14D-9, and neither the Offer nor the Merger is conditioned upon any executive officer or director of Immune Design entering into any such agreement, arrangement or understanding.
>
> Although such arrangements have not, to our knowledge, been discussed as of the date of this Schedule 14D-9, it is possible that members of our current management team will enter into new employment or consulting arrangements with the Surviving Corporation. Such arrangements may include the right to purchase or participate in the equity of Parent or its affiliates. Any such arrangements with the existing management team are currently expected to be entered into after the completion of the Offer and will not become effective until after the Merger is completed, if at all.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 16
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

> There can be no assurance that the applicable parties will reach an agreement on any terms, or at all.

*Id.* at 12.  Yet, the Recommendation Statement fails to disclose whether any Immune Design executives have secured positions with the combined company.  The Recommendation Statement further fails to disclose whether any of Merck's prior proposals or indications of interest mentioned management retention or consulting arrangements with the combined company or the purchase of or participation in the equity of the surviving corporation.

61. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

62. The omission of this information renders the statements in the "Potential for Future Arrangements" and "Background of Offer and the Merger" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

63. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other members of the Class will be unable to make a fully-informed tender or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 17
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## CLAIMS FOR RELIEF

### COUNT I
**Class Claims Against All Defendants for**
**Violations of Section 14(e) of the Exchange Act**

64. Plaintiff repeats all previous allegations as if set forth in full.

65. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

66. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer.

67. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

### COUNT II
**Class Claims Against the Individual Defendants for**
**Violations of Section 20(a) of the Exchange Act**

68. Plaintiff repeats all previous allegations as if set forth in full.

69. The Individual Defendants acted as controlling persons of Immune Design within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Immune Design and participation in or awareness of the

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 18
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

70.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

71.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

72.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

73.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 19
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

74. Plaintiff and the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor and in favor of the Class, and against defendants, as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  March 11, 2019.

BRESKIN JOHNSON TOWNSEND, PLLC

By:   *s/Roger Townsend*
Roger Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel:  (206) 652-8660
rtownsend@bjtlegal.com

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS - 20
(No. 2:18-cv-01173-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660